IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DON BOSTON, SHARONDA JOHNSON,   §
AND SUNSHINE RANDLE,   §
  §
      Plaintiffs,   §
VS.   §   CIVIL ACTION H-11-1566
  §
HARRIS COUNTY, TEXAS; B.   §
KATRIB, Individually; and J.   §
DENHAM, Individually,   §
  §
      Defendants.   §

**OPINION AND ORDER**

Pending before the Court in the above referenced cause, in which Defendant Harris County prevailed on Plaintiffs' claims against it for attempted unlawful detention without reasonable suspicion and use of excessive force in violation of the Fourth Amendment and 42 U.S.C. § 1983, are (1) Plaintiff Don Boston's ("Boston's") objections (instrument #76) to Defendants' bill of costs (#74) and (2) Harris County's interrelated motion for attorney's fees and costs (#79) against Plaintiffs Don Boston ("Boston") and Sunshine Randle ("Randle") pursuant to 42 U.S.C. § 1988.

After a careful review of the record and the applicable law, for the reasons stated below the Court concludes that Boston's objections should be overruled and Harris County's motion for fees and costs should be granted.

**Boston's Objections (#76) to Defendants' Bill of Costs (#74)**

*Applicable Law*

-1-

Federal Rule of Civil Procedure 54 allows for the recovery of costs. *Fox v. Vice*, 594 F.3d 423, 425-26 (5th Cir. 2010). A federal court

may tax as costs as costs the following:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

### *Boston's Objections (#76) to Bill of Costs (#74)*

The Court notes that Randle did not respond to discovery, to Defendants' motion for summary judgment, nor to the bill of costs, nor to Harris County's motion for attorney's fees and costs.

Harris County submitted a bill of costs for the sum of $1,049.05 of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," with copies of the invoices that it has paid attached. Boston objects to

having to pay that bill of costs based on his "limited financial resources, Defendant County's enormous financial resources and because of the close and difficult legal issues presented in the matter." #76 at p. 1. He also argues that costs should not be awarded to Harris County because he prosecuted this case in good faith. Boston cites *Pacheco v. Mineta*, 448 F.3d 783, 793-94 (5th Cir. 2006), in arguing that "among the reasons for withholding costs from a prevailing party--apart from the losing party's good faith--are as follows: (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources." #76 at p. 2.

The Court notes that Federal Rule of Civil Procedure 54(d)(1) provides in pertinent part, "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Moreover, the Fifth Circuit has opined,

> "[T]he plain language of Rule 54(d) does not contemplate a court basing awards on a comparison of the parties' financial strengths. To do so would not only undermine the presumption that Rule 54(d)(1) creates in prevailing parties' favor, but it would also undermine the foundation of the legal system that justice is administered to all equally, regardless of wealth or status."

*Moore v. CITGO Refining and Chemicals Co., LP*, 735 F.3d 309, 320 (5th Cir. 2013)("Consistent with the great weight of authority from

the federal circuits, reducing or eliminating a prevailing party's cost award based on its wealth--either relative or absolute--is impermissible as a matter of law."), *citing and quoting Cherry v. Champion Intern. Corp.*, 186 F.3d 442, 448 (4ᵗʰ Cir. 1999)(("[R]eliance on . . . the parties' comparative economic power [would] be error. Such a factor would almost always favor an individual plaintiff . . . .").

Furthermore, Boston misrepresents the holding in *Pachego* by quoting the passage regarding reasons for denying costs, on 448 F.3d at 793-94, out of context: in it the Fifth Circuit was summarizing "a wide range of reasons that have been invoked to justify withholding costs from the prevailing party" *in other circuits*. 448 F.3d at 794, *citing* 10 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2668 at 234 (1998). The panel pointed out that "according to Wright and Miller, courts also deny costs if 'the losing party prosecuted the action in good faith.' *Id., citing id.* at 238. The Fifth Circuit expressly stated, "These reasons are enumerated only for the purpose of exposition. We do not decide whether any of these is a sufficient reason to deny costs." *Id.* at n.18. Moreover it continued, "Every circuit to address the question in a published opinion--the Fourth, Sixth, Seventh, Ninth and Tenth--has ruled that good faith, by itself, cannot defeat the operation of Rule 54(d)(1)" and went on "to follow[] our sister circuits . . .[and] hold that the losing

party's good faith is alone insufficient to justify the denial of costs to the prevailing party" since "[a]ll federal litigants . . . have an obligation to bring suit in good faith." *Id.* at 794-95 (and cases cited therein). Furthermore, in *Moore v. CITGO,* issued seven years later, the Fifth Circuit addressed whether wealth should be a factor in reducing or eliminating a prevailing party's cost award and rejected that argument as a matter of law. 735 F.3d at 320. In addition, 28 U.S.C. § 1920(4) expressly allows costs to be taxed for exemplification and "making copies of any materials where the copies are necessarily obtained for use in the case." *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 782 U.S. 437, 441 (1987); *Marmillion v. American Intern. Ins. Co.*, 381 Fed. Appx. 421, 428 (5th Cir. June 16, 2010). Thus the Court overrules Boston's objections.

Boston argues that Harris County has failed to demonstrate that transcription of the audio tapes was necessary and for use in this case, and he complains that the attached invoices do not describe the nature of the tapes. Boston further contends that costs for demonstrative evidence such as audiovisual equipment and photographs may be taxed only if there is pretrial authorization by the trial court. *Walker v. Borden, Inc.*, 115 F.R.D. 471, 473-74 (S.D. Miss. 1986). Boston also charges that Harris County is attempting to recover the costs for retrieving records of all his prior arrests, spanning several decades and mostly irrelevant,

instead of limiting its costs to the records of the incident in question. He asserts that Harris County is seeking an award of costs for the retrieval fee, postage, and DVDs, i.e., costs which are largely undocumented, and those that are, are not properly segregated.

Harris County's motion for fees and costs responds in part to Boston's additional objections to the bill of costs, so the Court reviews them together.

**Harris County's Motion for Attorneys' Fees and Costs**

**Against Plaintiffs Don Boston and Sunshine Randle (#79)**

*Applicable Law*

The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988(b), states in relevant part, "In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." While a prevailing plaintiff in an action brought under 42 U.S.C. § 1983 is usually entitled to an award of fees under 42 U.S.C. § 1988, "'prevailing defendants cannot recover § 1988 fees without demonstrating that the plaintiff's underlying claim was frivolous, unreasonable or groundless.'" *Merced v. Kasson*, 577 F.3d 578, 595 (5th Cir. 2009), *quoting Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1053 (5th Cir. 1998). A plaintiff may recover fees under § 1988 even if he

does not prevail on every claim because he acts as a "private attorney general" upholding "a [civil rights] policy that Congress considered of the highest priority"; in contrast, with a different equitable concern, because Congress sought "to protect defendants from burdensome litigation having no legal or factual basis," it restricted the award to a prevailing defendant to cases where the court finds the plaintiff's suit was frivolous, unreasonable or without foundation. *Fox v. Vice*, 131 S. Ct. 2205, 2214 (2011), *citing Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 420-21 (1978). Where one claim is frivolous and another has a reasonable basis, a defendant "may receive reasonable fees for work related exclusively to a frivolous claim." *Fox*, 131 S. Ct. at 2214; *Doe v. Silsbee Indep. Sch. Dist.*, 440 Fed. Appx. 421, 426 (5th Cir, 2011)(quoting *Fox v. Vice*). A plaintiff's claim is frivolous if "it lacks an arguable legal foundation" or "lacks an adequate factual basis, as when the complaint asserts only conclusory allegations or when the plaintiff fails to offer any evidence in support of a given claim." *Nashville, Texas, Inc. v. City of Burleson, Texas*, No. 3:10-CV-1210-G, 2012 WL 2399342, at *2 (N.D. Tex. June 1, 2012), *citing Offord v. Parker*, 456 Fed. Appx. 472, 474 (5th Cir. 2012), and *Myers v. City of West Monroe*, 211 F.3d 289, 293 (5th Cir. 2000). Factors for the court to consider in determining whether a defendant is entitled to such a fee award in defending against a plaintiff's frivolous, unreasonable, or

groundless claims are (1) if the plaintiff established a *prima facie* case, (2) if the defendant offered to settle, and (3) if the court held a full trial on the plaintiff's claims. *Myers v. City of West Monroe*, 211 F.3d 289, 292 (5th Cir. 2000).

"The fact that the Court dismissed Plaintiffs' suit is not in itself a sufficient justification for the fee award." *Hughes v. Rowe*, 449 U.S. 5.

"The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate," a sum commonly called the "lodestar." *Blum v. Stenson*, 465 U.S. 886, 888 (1984). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant . . . should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). There is a strong presumption that the lodestar is a reasonable fee, and the fee applicant bears the burden of demonstrating that an upward adjustment by application of the *Johnson* factors[1] is necessary to calculate a reasonable fee.

_____

[1] *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds, Blanchard v. Bergeron*, 489 U.S. 87 (1989). In determining what is a reasonable fee, the courts in the Fifth Circuit must consider the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds, Blanchard v. Bergeron*, 489 U.S. 87 (1989)(holding that a fee award under §

-8-

*Walker v. Dept. of HUD*, 99 F.3d 761, 771 (5th Cir. 1996); *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995), *cert denied*, 516 U.S. 862 (1995).

A reasonable hourly rate is that rate in the community for such legal services rendered by attorneys of comparable skill, experience, and reputation. *Alberti v. Klevenhagen*, 896 F.2d 927, 936 (5th Cir. 1990)*, vacated in part on other grounds*, 903 F.2d 352 (5th Cir. 1990); *Heidtman v. County of El Paso*, 171 F.3d 1039, 1043 (5th Cir. 1999). A reasonable hourly rate should be in accord with rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). "While the hourly rate must be 'adequate to attract competent counsel,' the 'measure is not the rates which lions at the bar may command.'" *Coleman v. Houston Independent School District*, 202 F.3d 264 (5th Cir. 1999)(Table)(available on Westlaw), *citing Leroy v. City of Houston*, 906 F.2d 1068, 1079 (5th Cir. 1990); *Hopwood v. Texas*, 236

---

1988 should not be capped by a contingent fee agreement between the attorney and his client). The twelve *Johnson* factors are (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal service adequately; (4) the preclusion of other employment by the attorney because he accepted this case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

F.3d 256, 281 (5th Cir. 2000). Furthermore, the relevant legal community is the one in which the district court sits, no matter how much of the work is done elsewhere. *Green v. Administrators of Tulane Educational Fund*, 284 F.3d 642, 662 (5th Cir. 2002), *abrogated on other grounds, Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006). The fee applicant bears the burden of producing evidence that the requested rate is appropriate within the relevant community. *Condon v. Hunting Energy Services, L.P.*, Civ. A. No. H-04-3411, 2006 WL 2882857, at *2 (S.D. Tex. Oct. 4, 2006). Usually the fee applicant establishes the community's reasonable rate through the affidavits of other attorneys of similar caliber practicing there. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002); *Watkins v. Fordice,* 7 F.3d 453, 458 (5th Cir. 1993).

In addition to the community rate, the district court must also consider the attorneys' regular rates. *Louisiana Power & Light Co.*, 50 F.3d at 328. Generally when an attorney's requested hourly rate is his customary rate, when it is within the range of prevailing market rates, and when the rate is not contested, it is viewed as *prima facie* reasonable. *Id.*, 50 F.3d at 329. To establish the reasonableness of his requested rate, the fee applicant should produce satisfactory evidence beyond his own affidavit "that the requested rates are in line with those prevailing in the community for similar services by lawyers of

reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 896 n.11. Furthermore, the court may exercise its own expertise and judgment in making an independent valuation of appropriate attorney fees. *Davis v. Bd. of Sch. Comm'rs of Mobil County*, 526 F.2d 865, 868 (5th Cir. 1976).

The court must determine whether the hours expended by the prevailing party's counsel were "reasonably expended," both as to the total number of hours claimed and the specific hours claimed. *Condon*, 2006 WL 2882857, at *2, *citing Louisiana Power & Light Co.*, 50 F.3d at 329. The fee applicant bears the burden of showing that the hours claimed were reasonably expended. *Hensley*, 461 U.S. at 437. Compensable hours, reasonably spent, are determined from the attorney's contemporaneous time or billing records or other documentation which the district court must examine and discern which hours are compensable and which are not. *Hensley*, 461 U.S. at 434; *Louisiana Power & Light*, 50 F.3d at 324.

The fee applicant should exercise "billing judgment" and keep billing time records in a way that enables the reviewing court can "identify distinct claims." *Hensley*, 461 U.S. at 437. *See also Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1044 (5th Cir. 2010)(An applicant for fees must submit documentation, e.g., contemporaneous billing records or detailed invoices or affidavits, to permit the court to identify noncompensable hours and to determine an appropriate amount of fees.). Counsel must "exclude

from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . ." *Id. See also Saizan v. Delta Concrete Products Company*, 448 F.3d 795, 799 (5th Cir. 2006)("[P]laintiffs seeking attorney's fees are charged with the burden of showing the reasonableness of the hours billed and, therefore, are also charged with proving that they exercised billing judgment. Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant. The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment. [footnotes omitted]"). *See also Louisiana Power*, 50 F.3d at 324-25 ("[T]he documentation must be sufficient for the court to verify that the applicant has met its burden. . . . [A] district court may reduce the number of hours awarded if the documentation is *vague* or *incomplete*. . . . Failing to provide contemporaneous billing statements does not preclude an award of fees per se as long as the evidence produced is adequate to determine reasonable hours."); *Saizan*, 488 F.3d at 799, 800 (billing judgment requires documentation of the hours charged and of the hours written off as duplicative, unproductive or excessive; finding the district court did not commit clear error in finding a failure to produce evidence of billing judgment nor abuse its discretion by imposing a ten percent reduction in the lodestar

because of that failure). "Litigants take their chances when submitting fee applications" without adequate information for the court to determine the reasonableness of the hours expended or with vaguely described tasks such as "review pleadings," "correspondence," or documents. *Louisiana Power*, 50 F.3d at 327.

### Harris County's motion for fees and costs

In seeking an award of attorney's fees under 42 U.S.C. § 1988 in the amount of $80,699.05, Harris County correctly points out that neither Boston nor Randle made a *prima facie* case of their claim of excessive force in violation of the Fourth Amendment, nor did Randle make such a case on her unlawful detention and assault and battery claims. Nor did the Plaintiffs make or accept any settlement offers. Indeed instead the County Defendants assert that they warned Plaintiffs that they would seek recovery of their fees and costs against Plaintiffs unless Plaintiffs dismissed with prejudice all of their claims against all County Defendants before Defendants' deadline to file their dispositive motions. *See, e.g.*, Plaintiff Sharonda Johnson's motion for voluntary dismissal with prejudice of all claims against all Defendants and motion to sever and for final judgment, #41 at p. 3; in light of Johnson's dismissal of all her claims, the County Defendants did not seek recovery of fees and costs against her. In contrast Boston. on his excessive force claim, and Randle, on her excessive force, unlawful detention, and assault and battery claims, persisted in their suit,

necessitating the County's wasteful expenditure of taxpayer money in further research, drafting, and filing motions for summary judgment and other pleadings. *See*, *e.g.*, #42, 43, 52, 53, 57, 66, and 69.   The County further observes that Boston expressly abandoned his claims for unlawful detention and state-law assault and battery when he answered the County Defendants' motions for summary judgment, while Randle appears to have abandoned all her claims because she failed to participate in discovery or to respond to the County Defendants' motions for summary judgment.   Final summary judgment was entered against Boston and Randle prior to the scheduled trial date.   This Court, finding no genuine issues of material fact, granted the summary judgment motions in favor of the County Defendants and specified in the final judgment that Plaintiffs shall bear all costs of court.   #73.

Quoting the Supreme Court in *Christiansburg Garment*, 434 U.S. at 422 ("'[N]eedless to say, if a plaintiff is found to have brought or continued such a claim in *bad faith*, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense [emphasis in original],'" County Defendants contend that Plaintiffs knew their suit was frivolous, unreasonable and groundless from its start.   They had the police department's records about its investigation of the January 19, 2010 incident giving rise to this action either before or shortly after filing suit.   Those records included police department investigators'

audiotaped interviews of Plaintiffs the night of the incident and the day after. Boston's and Randle's own statements undermined their later-filed claims that Defendants detained Plaintiffs without reasonable suspicion and/or probable cause and used deadly force against Plaintiffs in violation of their Fourth Amendment rights.[2]

---

[2] As an example, see #79 at p.5, ¶9, Harris County states:

> According to Randle, a light shined into the car. Someone [Harris County Deputy Sheriff Ben Katrib] banged on Boston's driver's side door window with something hard. Boston looked up, yelled "oh shit" and "scratched off," shifting his gears and mashed on (hitting) the accelerator, doing a half a donut or almost a U-turn. Randle felt the bump of the car hitting a human and "right after that, that's when the shots was just-they was just busting." Randle, who had her head down texting two of her boyfriends at the time, reported: "I didn't see all that [the guy (Deputy Ben Katrib) getting knocked down when he got hit] but I did feel the bump of the human. It wasn't no goddamned speed bump there, so he [Boston] had to hit the human [Deputy Katrib], that's the bump that I felt; *and then automatically, that's when the shots was fired right after that."*

Citing audiotaped interviews and transcripts of interviews and affidavit: #46 at Ex. 69 (HPD's audiotaped Jan. 20, 2010 Interview of Randle; #69-1 at pp. 1-3, HPD Sergeant Robert Blain's affidavit; #69-2 at pp. 8, 6-10 (transcript of HPD's Jan. 20, 2010 Randle interview); #46 (HPD's audiotaped Jan. 19, 2010 interview of Randle) and #69-1 at p. 25 (transcript of HPD's Jan. 19, 2010 Randle interview)("O just-I just-it all happened so fast. I didn't--all he [Boston] said was 'oh shit,' and screech, like burned--you know burned off. It sounded like he bumped the man, hit something or I don't know because was sitting in the back but all I know, they just started busting and . . . [we] couldn't get away fast enough."
As another example Randle told HPD interviewers that she believed that she, Boston, and Johnson were sitting in the parking lot of the Cambridge Crossing Apartments so that Randle

The County Defendants maintain that given the statements by Boston and Randle to the police the night of and the day after the incident in addition to the statements of the officers in the same file regarding drugs, Plaintiffs knew that Officers Katrib and Denham had reasonable suspicion to question them. Once Boston drove his automobile, a potentially lethal weapon, at Katrib, striking him, the shooting was not unreasonable or excessive. County Defendants argue that Plaintiffs and/or their attorney knew that "[t]he excessive force inquiry is confined to whether [the officer] was in danger at the moment of the threat that resulted in the . . . shooting." *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 449 (5th Cir. 2001). Yet they continued to prosecute

---

could do a drug deal and that a strong odor of "weed" wafted out of the Monte Carlo.

During Boston's interview, Harris County's motion for summary judgment asserts, and the recording and HPD records (#63, Ex. 68) support, the following about Katrib, #43 at pp. 23-24,

> 66. Boston said, "a guy was beating on the--boom, boom, boom, boom, beating on the window and I was trying to get out of there . . . without me being shot or left for dead." Boston said, I put the car in reverse and I guess *as I was running over* I, the guy was just beating on the, 'boom boom boom,' like people were trying to break the window and get inside or something. . . .
> 67. Boston said that he guessed the car rolled over the guy's foot. Boston said, "I think the guy fell and grabbed his foot, jumped right back up. It wasn't no serious shit like that, many, it wasn't [unintelligible] . . . Boston "just heard--I saw the guy kind of-I don't know--yeah, I guess it rolled over his foot or something. I don't know man. It ain't no damage."

their claims despite knowing they were meritless.

In support of its request for an $80,650.00 award of fees and an award of costs in the amount of $1,049.05, Harris County submits its counsel's and expert Jay Aldis' affidavits and resumes, Aldis' expert opinion on fees in this case, and contemporaneous billing records.

**Boston's Response (#83)**

Boston objects that Harris County's motion does not describe the necessity or purpose of the fees spent on issues concerning qualified immunity, but simply asks the Court to accept that they are necessary.

Boston states that "it would seem Plaintiff established a *prima facie* case without question." #83 at p. 3. Moreover, given that the Defendant deputies were working as off-duty security guards in plain clothes and did not identify themselves as police officers, this case seeking to recover for the "shooting of three unarmed individuals by two undercover officers in the dead of night" is not frivolous. *Id.* Boston also contends that Harris County's motion for summary judgment "did nothing more that reiterate that motion filed by the individual defendants concerning issues that did not deal with *Monell* liability. Claiming that Harris County requested, and Boston agreed to manage this case in two parts (first addressing qualified immunity of the individual officers and then *Monell* issues pertaining to Harris County, he

contends that Harris County now, without explanation as to how it was involved in representing the individual deputies, is asking for fees that its agreement meant to avoid. Thus the Court "should assume that much, if not the majority of Defendant Harris County's requested attorney's fees are likewise duplicate in nature." *Id.* at p. 4.

### Court's Determination

As noted, 28 U.S.C. § 1920(4) expressly allows costs to be taxed for exemplification and "making copies of any materials where the copies are necessarily obtained for use in the case." The use that Harris County Defendants made of the transcripts and tapes to defeat Plaintiffs' claims by Harris County's motion for summary judgment (including the deputies' qualified immunity defense) and motion for fees and costs indicates that they were necessary for use in this case and would have been used had this case gone to trial. The Court finds Boston's objections lack merit, overrules them, and concludes that Harris County is entitled to recover costs in the amount of $1,049.05.

Furthermore, there is no question that Boston and Randle's claims were frivolous and unreasonable and that Harris County is also entitled to reasonable fees under § 1988. As is evident in the Court's Opinion and Order granting summary judgment to Harris County and Deputies Katrib and Denham against Plaintiffs, but, the applicable law has been long established. Plaintiffs failed to

make a *prima facie* case on any of their claims against the three Defendants. Moreover not only did Plaintiffs fail to show a genuine issue of material fact for trial regarding their excessive force (and in Randle's case, also unlawful detention and assault and battery) claims, but their own testimony undermined their causes of action. Thus no discovery was needed for them to know their allegations were meritless. No settlement offers were made in this case. In bad faith Randle did not dismiss any of her claims, but her failure to respond to the motions meant that the Court had to address them and that she failed to meet her burden of proof on them. Boston did abandon his claims for unlawful detention and common-law assault and battery, but he pursued his excessive force claim through summary judgment in bad faith. Accordingly, the Court holds that Harris County is entitled to recover reasonable and necessary fees and costs under 42 U.S.C. § 1988. Therefore the Court determines the appropriate amount in fees.

Supported by affidavits, resumes, an expert opinion, and contemporary billing records (#79-1 through 79-4), Harris County seeks to recover for 322.60 hours of work expended on this case at an hourly rate of $250.00, for a total of $80,650.00. Attorney Lisa Hulsey avers that she exercised business judgment by eliminating over 100 hours that she expended in reviewing Plaintiffs' jail and other background records and Katrib's and

Denham's personnel, certification, training, and other relevant records. She also eliminated 24.55 hours for work expended on the portion of the case for Sharonda Johnson, who as noted, settled with Defendants, and for time spent on requests or motions for extension relating to the litigation as a whole. Harris County does not seek an enhancement under the *Johnson* factors. The Court finds from long experience that $250 per hour is a reasonable rate in the Houston market and the Southern District of Texas. Furthermore a review of counsel's billing records reflects that the hours spent on this litigation and claimed herein were reasonable and necessary for the Defendants' defense. Thus the Court grants Harris County's motion for a fee award in the amount of $80,650.00.

Accordingly, for the reasons stated above, the Court

ORDERS that Boston's objections (#76) to the bill of costs are OVERRULED and Harris County's motion for attorney's fees in the amount of $80,650.00 and costs in the amount of $1,049.05 under 42 U.S.C. § 1988, 28 U.S.C. § 1920, and Rule 54 (#79) against Boston and Randle is GRANTED.

**SIGNED** at Houston, Texas, this  9th  day of  January , 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE